CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/14/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
        DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:23-cr-00008 |
| v. | ORDER |
| ANDREW KENT, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Before the Court is Defendant's Motion to Continue Trial. Dkt. 22. Defendant requests that the Court continue the trial presently scheduled for October 5, 2023, be continued to March 11-14, 2024. The Government does not oppose the motion.

The Speedy Trial Act (the "Act") "generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance." 18 U.S.C. § 3161(c)(1). But "[t]o allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial.'" *See United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (quoting 18 U.S.C. § 3161(h)(7)(A)). The Court must set forth its reasons for finding that a continuance is warranted under the Act's exception. *Id.*

The Court finds that a continuance is warranted, considering the factors listed in 18 U.S.C. § 3161(h)(7)(B) of the Act, and for the reasons counsel has provided: namely, that a continuance "would allow the defendant additional time to prepare and assist in his defense."

Dkt. 22 at 1. Defendant also notes that a "continuance would also allow the opportunity to have a forensic psychologist conduct an evaluation of the [D]efendant." *Id.* And the Court notes that Defense counsel asserts that a continuance is warranted under 18 U.S.C. § 3161(h) to meet the ends of justice, *id.*, that it is the Defendant's first request for a continuance, and that the Government does not object to the requested extension.

Section 3161(h)(7)(B)(iv) of the Act provides a court can consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds these circumstances would so deny the time necessary for effective preparation, accounting for due diligence, if the Court did not grant a continuance. In short, the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

For these reasons, the motion to continue, Dkt. 22, is **GRANTED**. The trial date in this matter will be **CONTINUED** until **March 11, 2024**. The period between October 5, 2023, and March 11, 2024, will be excluded from the calculation of time under the Speedy Trial Act.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 14th day of September, 2023.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE