CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/20/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW KENT,<br><br>*Defendant.* | CASE NO. 6:23-cr-00008<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendant's Second Motion to Continue Trial. Dkt. 25. Defendant requests that the trial presently scheduled for March 11–14, 2024 be continued to April 1, 2024. The Government does not oppose the motion.

The Speedy Trial Act (the "Act") "generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance." 18 U.S.C. § 3161(c)(1). But "[t]o allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (quoting 18 U.S.C. § 3161(h)(7)(A)). The Court must set forth its reasons for finding that a continuance is warranted under the Act's exception. *Id.*

Here, the Court finds that a continuance is warranted, considering the factors listed in 18 U.S.C. § 3161(h)(7)(B) of the Act, and for the reasons counsel has provided: namely, that a continuance "would allow the defendant additional time to prepare and assist in his defense."

Dkt. 25 ¶ 1. Moreover, the Government has requested Defendant take a polygraph test ahead of "scheduling [a] plea hearing," *id.* ¶¶ 2–3, and a continuance would provide an "opportunity to conduct [such] a polygraph examination of the defendant." *Id.* The Court further notes that Defense counsel asserts that a continuance is warranted under 18 U.S.C. § 3161(h) to meet the ends of justice, *id.*, that it is the Defendant's second request for a continuance, and that the Government does not object to the requested extension.

Section 3161(h)(7)(B)(iv) of the Act provides a court can consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds these circumstances would so deny the time necessary for effective preparation, accounting for due diligence, if the Court did not grant a continuance. In short, the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

For these reasons, the motion to continue, Dkt. 25, is **GRANTED**. The trial date in this matter will be **CONTINUED** until **April 1, 2024**. The period between March 11, 2024 and April 1, 2024, will be excluded from the calculation of time under the Speedy Trial Act.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 20th day of February, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE